IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HODA SAMUEL,<br>BOP No. 19252-097, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:18-CV-644-P |
| SERGIO MERCADO, Et Al., | § § § | |
| Defendant. | § | |

## OPINION AND ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915A(b)

This case was recently reassigned from the docket of Judge Reed O'Connor to this the "P" docket of the undersigned district judge. The case remains before the Court for review of pro-se inmate/plaintiff Hoda Samuel's pleadings in this civil suit filed against FMC-Carswell officials Sergio Mercado, M.D. Maitee Serrano-Mercado, M.D., Charles Langham, M.D., and Wendy McManus, under the screening provision of 28 U.S.C. § 1915A(a). After conducting that review, the Court finds that all claims against the named defendants must be dismissed under the authority of § 1915A(b)(1).

**I. BACKGROUND**

Plaintiff Samuel, an inmate at the Bureau of Prisons FMC-Carswell facility, filed an original complaint naming the four defendants listed above arising from the medical care provided to her over the course of several years. Compl. 1-8, ECF No.1. The prior presiding judge, by order entered January 4, 2019, directed Samuel to file a more definite statement about the facts in support of some of her claims. Order, ECF No.6. After the case was

dismissed without prejudice due to Samuel's failure to timely file a more definite statement, the case was then reopened and Samuel filed a more definite statement. Orders, ECF Nos. 13,14, 17; More Definite Statement ("MDS"); ECF No. 18.

Samuel claims that the defendants violated her rights under the Eighth Amendment by failing to provide adequate medical care for her serious medical needs, and she separately lists a claim under the Fourteenth Amendment. Complaint 7–10, ECF No. 1. She seeks declaratory relief from this Court that her constitutional rights were violated, along with compensatory, punitive and nominal monetary damages. Compl. 11, ECF No. 1.

Important to the Court's review of the complaint in this action is the fact that Hoda Samuel previously filed a complaint against two of the defendants in this action, Sergio Mercado, M.D. and Maitee Serrano-Mercado, M.D. *Samuel v. Sanchez*, No. 4:15-CV-803-O (N.D. Tex. April 15, 2019) (Final Judgment). In that case, an original complaint was filed against Mercado, Serrano-Mercado, and three other defendants on October 26, 2015. Complaint, ECF No. 1, *Samuel v. Sanchez*, No.4:15-CV-803-O. By order and partial judgment entered on May 24, 2018, the prior court dismissed Samuel's claims against Sergio Mercado, M.D. and against Maitee Serrano-Mercado, M.D.. May 24, 2018 Order and Judgment, ECF Nos. 24, 25, *Samuel v. Sanchez*, No.4:15-CV-803-O.

## II. LEGAL STANDARD OF REVIEW UNDER § 28 U.S.C. § 1915A

As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28

U.S.C.A. § 1915A(a) (West 2019). This provision authorizing review of prisoner pleadings is separate from the screening provision applicable to in-forma-pauperis proceedings, and it provides that when the Court makes the review required under § 1915A(a), the Court shall dismiss the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915A(b)(1) and (2)(West 2019). Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry. *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995) (recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim lack an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. ANALYSIS

### A. Duplicative Claims/Lawsuit Against Mercado and Serrano-Mercado

As noted above, Samuel previously asserted the same claims against defendants Sergio Mercado, M.D. and Maitee Serrano-Mercado, M.D. in case number 4:15-CV-803-O. A review of the complaints filed in the two cases reveals that they are very similar, and in fact, the bulk of the paragraphs are worded exactly the same. *Compare* October 26, 2015 Complaint, ECF No.1, *Samuel v. Sanchez*, No.4:15-CV-803-O and August 6, 2018 Complaint, ECF No. 1. Indeed, a review of these two complaints shows that the title and introduction sections of the complaints are identical, and that 35 of the 44 enumerated paragraphs of the complaints are identical. *See id.*

As noted earlier, by order and partial judgment entered on May 24, 2018, Judge O'Connor dismissed Samuel's claims against Sergio Mercado, M.D. and against Maitee Serrano-Mercado, M.D.. May 24, 2018 Order and Judgment, ECF Nos. 24, 25, *Samuel v. Sanchez*, No.4:15-CV-803-O. After reciting Samuel's obligation to complete service of summons under Rule 4(m) of the Rule of Civil Procedure, the order of dismissal provided:

> By order entered October 24, 2017 (ECF No. 19) the Court implicitly allowed Plaintiff additional time to properly effect service of process upon Defendants Mercado and Serrano-Mercado by serving the United States. The Clerk of Court completed the summons forms that contained instructions for service of process on the United States and mailed them to Plaintiff. It has been over six months since the summons forms were provided to Plaintiff. The Court finds that Plaintiff has been afforded proper notice and ample time in which to effect service of process in compliance with Rule 4, but has failed to exercise diligence in doing so. Even upon receiving notice of the defect in service from the United States on January 30, 2017 (ECF No. 12), over a year ago, Plaintiff took no action to remedy the defect. The Court finds that Plaintiff has failed to demonstrate diligence in prosecuting her claims against Defendants Mercado

and Serrano-Mercado. In light of these facts and circumstances, the Court finds that dismissal of Plaintiff's claims against Defendants Mercado and Serrano-Mercado is appropriate. *See Newby v. Enron Corp.*, 284 Fed. App'x 146 (5th Cir. 2008) (affirming dismissal for failure to timely serve Defendants even where Plaintiff's claims would be time-barred, especially in light of Plaintiff's excessive delays in effecting service).

> For the foregoing reasons, Plaintiff's claims against Defendants Maitce Serrano-Mercado, M.D. and Sergio Mercado, M.D. are **DISMISSED** without prejudice and these Defendants are hereby **DISMISSED** as parties to this action.

*Samuel v. Sanchez*, No.4:15-CV-803-O (May 24, 2018 Order and Judgment). This order in the prior case reveals that Samuel wholly failed to diligently pursue her claims against Mercado and Serrano-Mercado by properly serving them in compliance with that court's previous orders. Samuel has now filed in this new suit the same claims arising from many of the same facts against Mercado and Serrano-Mercado.

The United States Court of Appeals for the Fifth Circuit has held that "IFP complaints may be dismissed as frivolous pursuant to [former] § 1915(d) when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (citations omitted). The Fifth Circuit found no abuse of discretion in a district court's determination that a civil action filed in-forma-pauperis similar to one previously dismissed, may be dismissed as frivolous or malicious:

> [W]e have dismissed an appeal as frivolous because it involved a duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit, concluding that "repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915(d) as malicious." *See Robinson v. Woodfork,* No. 86-3735 (5th Cir. May 22, 1987) (unpublished order) (citing *McCullough v. Morgan,* No. 85-2022 (5th Cir. July

3, 1985) (unpublished order) and *Hill v. Estelle,* 423 F. Supp. 690 (S.D. Tex. 1976)). Other courts have also held that an IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of [former] section 1915(d).

*Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (other citations omitted).

Furthermore, principles of *res judicata* serve to bar all claims that were brought or could have been brought based on the same operative factual nucleus. *Mcgill v. Juanita Kraft Postal Service,* No. 03-CV-1113, 2003 WL 21355439, at *2 (N.D. Tex. June 6, 2003), *R and R adopted*, 2003 WL 21467745 (N.D. Tex June 18, 2003). A prisoner's duplicative lawsuit may also be dismissed under these same principles pursuant to the screening authority set forth in 28 U.S.C. § 1915A(b). *See Seys v. Doucet*, No.3:14-CV-2883-M-BN, 2014 WL 5454840, at *1 (N.D. Tex. Oct. 8, 2014), *R and R adopted*, 2014 WL 5454837 (N.D. Tex. Oct. 27, 2014) ("Where the claims presented in a case 'are duplicative of claims asserted and dismissed in [a] previous case,' such claims 'must be dismissed as malicious under 28 U.S.C. § 1915A(b)(1))' or, alternatively, because they 'are also barred by the doctrine of *res judicata* . . . for failure to state a claim under § 1915A(b)(1).'")(citations omitted). A complaint is thus malicious and subject to dismissal under § 1915A "when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *McGill*, 2003 WL 21355439, at *2 (quoting *Pittman v. Moore,* 980 F.2d 994, 994-95 (5th Cir. 1993)).

Samuel's present lawsuit includes repetitive litigation of the same claims she asserted against defendants Mercado and Serrano-Mercado in the prior lawsuit. Her allegations against

-6-

those defendants in this suit all arise from the same common nucleus of operative facts asserted in the prior suit with Judge O'Connor, and are thus foreclosed from review in this proceeding as duplicative and under the traditional notions of *res judicata. See generally Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sep. 30, 2005) ("Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action seeks to relitigate claims already decided against the *in forma pauperis* plaintiff or when the action seeks to raise claims that could have been brought on the same facts"), *R and R adopted* ,(N.D. Tex. October 20, 2005). This is true even when the earlier case was resolved without the Court having reached the merits of the claims. *See McGill*, 2003 WL 21355439, at *1 ( Noting that the Fifth Circuit in *Pittman v. Moore*, 980 F.2d 994 (5th Cir. 1993) "agreed that a complaint is malicious when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' . . . it is clear that the Court may dismiss an action as malicious when the complaint raises claims that would be barred by the principles of res judicata, whether or not the prior litigation had ended unsuccessfully for the plaintiff"); *see also Brown v. Thomas,* No. 3:02-CV-0673-M, 2002 WL 31757616, at *3-4 (N.D. Tex. Dec. 3, 2002) (adopting magistrate judge's report)

> ("Plaintiff argues, much as the plaintiff did in *Bailey*, that this case should not be dismissed because her complaint contains claims for which relief may be granted . . . [t]he question before the Court is whether this case is duplicative of Plaintiff's original case. Plaintiff admits that the claims in this case are duplicative of the claims in her original case. (Pl's Resp. at ¶ II.) Plaintiff argues this is necessary because her earlier case was dismissed before she could amend it to add additional defendants. (Pl's Resp. at ¶ III.) Additionally, Plaintiff argues, without citation to any authority, that a case may not be

dismissed as duplicative when the Court has made no final determination on the merits of the earlier case. In *Bailey*, 846 F.2d at 1021, —as in this case—the original case was not decided on the merits; rather it was dismissed at its nascent stage. Plaintiff's objections are meritless. The District Court should dismiss Plaintiff's complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).")

Without question, Samuel's claims in this suit against Mercado and Serrano-Mercado duplicate the claims asserted in the prior suit. In the prior suit, even though the Court dismissed the claims without prejudice, it noted that such dismissal was appropriate even though the claims could later be time barred. *Samuel v. Sanchez*, No.4:15-803-O (May 24, 2018 Order and Judgment) Samuel, in spite of her lack of diligence in serving Mercado and Serrano-Mercado in the prior case, now seeks to impose the same liability on those defendants in a duplicative suit. Under these circumstances, this Court finds that Samuel's presentment of the exact same claims in the complaint filed in this action as filed in the complaint in the earlier action, amounts to the filing of a malicious duplicative suit under § 1915A(b)(1). *See generally Pittman*, 980 F.2d at 995 (recognizing that a plaintiff is entitled to "one bite at the litigation apple—but no more").

Therefore, Samuel's claims in this suit against Sergio Mercado, M.D. and Maitee Serrano-Mercado, M.D. must be dismissed under 28 U.S.C. § 1915A(b)(1).

**B.     No Deliberate Indifference to Serious Medical Needs**

We next address Samuel's claims against the remaining defendants Charles Langham, M.D. and Wendy McManus, and her allegations that they were deliberately indifferent to her serious medical needs. Complaint 4, ECF No. 1. It is well-settled that deliberate indifference

to a prisoner's serious medical needs has been deemed to amount to cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104-106 (1976). Such a finding of deliberate indifference, though, "must rest on facts clearly evincing 'wanton' actions on the parts of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985) (also noting that the Supreme Court defined wantonly to mean "causelessly, without restraint, and in reckless disregard of the rights of others") citing *Smith v. Wade*, 461 U.S. 30, 39 n.8 (1983)). This subjective deliberate-indifference standard is very stringent and is equated with the standard for criminal recklessness:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see also Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996) (*en banc*), *opinion after subsequent remand,* 135 F.3d 320, 327 (5th Cir. 1998). Consistent with this standard is the recognition that negligent or mistaken medical treatment or judgment **does not** implicate the Eighth Amendment and **does not** provide the basis for a civil-rights action. *See Estelle,* 429 U.S. at 106 ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner[.]"); *see also Varnardo v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding neither unsuccessful medical treatment, neglect, nor medical malpractice give rise to a § 1983 cause of action) (citations omitted).

      With regard to Samuel's claims against Langham, she writes in the complaint that he

refused to treat and approve surgery for her hip injury she acknowledges having before her confinement in the BOP. *Id.* at 5. As to McManus, the only specific allegations against her within the complaint are that:

> Defendant, Wendy McManus . . . decided after receiving my initial complaint that Plaintiff should be moved form In-Patient status where I received 24 hour nursing care and 24-hour INA (inmate nursing assistance) care to NCC5 and then to a Boarder Unit where Plaintiff is currently receive [sic] minimal nursing care and no help with her day-to-day personal care, i.e.. Putting on Compression sleeves for compression pump laundry, bed changing, showering, etc. Plaintiff has repeatedly requested nurses care and INA care by Defendant Wendy McManus has refused stating Plaintiff is only a "Boarder."[1]

*Id.* at 5.

As a result, the Court ordered Samuel to provide more specifics of her claims in a more definite statement, and as noted above, Samuel filed a more definite statement. MDS, ECF No. 18. In that document, Samuel recites that Langham "assumed the role of Dr. Sergio Mercado as the Medical Director in late 2016 or early 2017." MDS, 9, ECF No. 18. She levels the same allegation against Langham she asserts against McManus regarding removing her from the medical floor and assigning her to "boarder" status. *Id*. Samuel complains that both Langham and McManus were indifferent to her needs for more individualized care and assistance with daily living by assigning her to to the changed housing designation, and she complains that once she was designated as a "boarder," her ongoing requests for more individual care were rejected. *Id.* at 11.

With regard to Langham, Samuel includes a more particular allegation that in one

---

[1] Samuel refers both to her medical status as "boarder" and "border." To be consistent, the Court will use "boarder."

instance where she was placed under quarantine in a pod with fifteen other inmates, she was required to spend that night on a military cot, and Langham would not give her relief from that directive when he was contacted. *Id.* She also complains of a specific incident when Langham refused to approve an early chow pass for her. *Id*. at 12.

With regard to McManus, Samuel makes similar claims, contending that she too "refused to let Samuel sleep in an empty hospital bed when Samuel was quarantined and gasping for oxygen as well as refusing to have Samuel be seen by the duty physician for her respiratory condition.*" Id*. at 13. Samuel also alleges McManus denied her the right to wear soft shoes, and instead required her to wear "post-surgical shoes" that hurt her feet and caused swelling. *Id*. In response to the Court's questions asking Samuel to state any additional facts to show that either Langham or McManus took action that amounted to deliberate indifference, Samuel failed to recite any other specific facts. *Id*. at 15. Instead she wrote "Additional documents and records are added for clarification" and "refer to the section of this filing referring to the actions and inactions of each defendant in violation of the Eighth Amendment." *Id.*

Upon review of these allegations against Langham and McManus, the Court finds that Samuel's claims primarily involve only disagreements among physicians and medical care providers on the proper course of care and what medical care was necessary. Such disagreement between an inmate and her physicians as to what medical care is appropriate does not state a claim for Eighth Amendment indifference to medical needs. *See Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997) (affirming the dismissal of suit as frivolous

where prisoner claimed medical personnel should have tried different methods of diagnosis and treatment); *see also Banuelos v. McFarland,* 41 F.3d 232, 235 (5th Cir. 1995) (disagreement between inmate an his physicians what medical care is appropriate actionable only under exceptional circumstances). Samuel's general factual allegations against Langham and McManus simply do not state claims of actions by these defendants that rise to this "extremely high standard" to support claims of deliberate indifference. *See Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) ("Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.")(internal citations and quotation marks omitted).

In addition, Samuel's more specific allegations of instances where she was required to sleep on a cot, was denied an early chow pass, and was required to wear certain medical shoes, also do not state claims of deliberate indifference to a serious medical need. *See generally Bradford v. Albercook,* No. 16-CV-12214, 2018 WL 4001268*,* at *5-6 (E.D. Mich. July 31, 2018) (rejecting claim that termination of early chow pass amounted to deliberate indifference to inmate's gastroesophageal reflux disease), *R and R adopted*, 2018 WL 3997913 E.D. Mich. Aug. 21, 2018); *May v. MDOC*, No.4:13-CV-64-DMB-DAS, 2014 WL 1118156, at *3 (N.D. Miss. Mar. 20, 2014) (noting that physician's challenged decision as to whether to prescribe diabetic shoes is "classic example of a matter for medical judgment"

that would not support a claim of deliberate indifference) (citing *Domino,* 239 F.3d at 756));
*Bucano v. Monroe Cty Corr. Facility.* No. 3:13-CV-1782, 2014 WL 509396, at *7 (M.D. Pa. Jan. 7, 2014), *R and R adopted*, 2014 WL 516520 (M.D. Pa. Feb. 10, 2014) (holding that claim by inmate of having to sleep in a shared space on a cot caused her to be further away from a toilet did not state a constitutional claim under the Eight Amendment).

In sum, Samuel's claims under the Eighth Amendment against remaining defendants Langham and McManus must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

### C. No Claim under the Fourteenth Amendment

In her complaint, Samuel contends that the complained of actions constitute violations of the Fourteenth Amendment. Complaint, 10, ECF No. 1. In the "Fourteenth Amendment" section of her complaint, Samuel also writes that the conduct of Defendants was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others. *Id*. Other than these conclusory statements, however, Samuel has stated no facts to support any claim of a violation of her right to due process of law or denial of equal protection of law by any defendant. Moreover, the language of the Fourteenth Amendment applies to the states, and thus does not provide federal prisoner Samuel a source for relief. *See Richard v, Hinson*, 70 F.3d 415, 417 (5th Cir. 1995) ("The Fourteenth Amendment protects against actions by states, but here, the federal government is the subject of petitioner's complaints making the Fourteenth Amendment inapplicable"). Thus, Samuel's claims for relief under the Fourteenth Amendment must be dismissed for

failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

For all of the above and foregoing reasons, it is therefore **ORDERED** that all Plaintiff Hoda Samuel's claims against defendants Sergio Mercado, M.D., Maitee Serrano-Mercado, M.D., Charles Langham, M.D. and Wendy McManus are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1).

**SO ORDERED** this **7th day** of **November, 2019.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE